## Curry *versus* Spink.

1. By the Act of 10th April, 1848 (*Acts* 449), exclusive jurisdiction is conferred upon the District Court, Philadelphia, of a claim for materials existing against several buildings and apportioned among them, notwithstanding the apportioned claims are severally less than the sum to which the jurisdiction of the said Court is limited—the whole claim being within the jurisdiction of the said Court.

2. The Common Pleas having no jurisdiction of such claim, it was properly stricken from the record.

ERROR to the Common Pleas, *Philadelphia*.

A claim for materials was filed in the *Common Pleas*, in December, 1849, in favor of Robert Curry, for. $190.50, against six houses and lots; and the same was apportioned among them equally, being $31.75 to each. The claim was filed against William Spink, contractor, and others, as owners.

Writs of *scire facias* were issued against the houses and lots numbered 1 and 2, and judgments were obtained for the amount claimed, with interest.

On 22d October, 1853, the Common Pleas, on motion of the counsel for a purchaser of the properties described in the other *four* cases, granted a rule to show cause why the claim should not be stricken off; which rule the Court subsequently made absolute.

It was assigned for error : That the Court erred in striking off the claim after judgment in the *sci. fas.* No. 1 and 2 ; and, secondly, in striking off the claim on the ground of want of jurisdiction.

In the 5th section of the Act of 10th April, 1848 (*Acts*, p. 449), it is provided, that the District Courts of the counties of Philadelphia, Lancaster, and Allegheny, shall have jurisdiction of all joint claims against two or more buildings owned by the same person or persons, now filed, or that may be filed in said respective counties, in accordance with the provisions of an Act entitled "An Act relating to the lien of mechanics and others upon buildings," passed June 16, 1836, wherein such mechanics and others claim a sum equal to that of which said Courts have respectively jurisdiction, according to several Acts heretofore passed, constituting and regulating them, notwithstanding the several apportioned claims therein be less than the sum of which said Courts have jurisdiction as aforesaid : Provided, That nothing herein contained shall prevent or impair the issuing and executing of separate writs of execution, as heretofore, against all or any of such several apportionments.

*Longstreth*, for plaintiff in error.—It was alleged that, under the 12th section of the Act of 16th June, 1836, the jurisdiction

[Curry *v.* Spink.]

depended on the sum in controversy; also cited Act of 30th March, 1811, secs. 1 and 2. The Mechanics' Lien Act of 16th June, 1836, in the 11th section, provides that the claim shall be filed in the *Common Pleas;* and the proviso to the 27th section preserves the relative jurisdiction of the Common Pleas and District Court of Philadelphia. The Act of 1848 gave a new jurisdiction, but it did not divest the jurisdiction before existing in the Common Pleas; and it is a principle in the construction of statutes, that *affirmative* words do not take away the common law, a former custom, or a former statute: *Dwarris on Statutes* 712; 3 *Black. Com.* 90; 3 *Penn. L. J.* 464; 9 *Ser. & R.* 298; 3 *Yeates* 479; 1 *Burrow's Rep.* 1041; 1 *Mod.* 45; 11 *Coke* 63; 1 *Blackstone Rep.* 231; 9 *Price* 301; 10 *Id.* 138.

*Johnston,* contrà.

The opinion of the Court was delivered, March 20, oy

KNOX, J.—In Woodruff *et al. v.* Chambers, 1 *Harris* 132, this Court decided that where a claim was filed under the Mechanics' Lien Law, for a sum exceeding $100, but so apportioned amongst several buildings as to make the lien against each less than $100, in determining the question of jurisdiction of the Court the claim was to be considered as an entirety. In that case, the jurisdiction of the District Court for Philadelphia city and county was sustained. For the same reason, and upon the authority of the case, we must deny jurisdiction to the Common Pleas in the case before us. Where a claim is filed in a Court having no jurisdiction, the proper course is to order it to be stricken from the record, as it is a nullity.

Proceedings affirmed.